IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| DAVE SAVAGE and JUDY SAVAGE, husband and wife, individually,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts Corporation, and DOES 1-25, whose true names are unknown,<br><br>Defendants. | Case No. CV 09-0080-EJL<br><br>**MEMORANDUM ORDER** |

  The Court has before it Plaintiffs' Motion to Remand (Docket No. 5) and Defendant's Motion to Strike (Docket No. 12). Having reviewed the parties' briefing, as well as the record in this action, the Court has determined that oral argument on the motion is not necessary. Dist. Idaho Loc. Civ. R. 7.1(d)(2). The Court finds, as more fully explained below, that Defendant's Motion to Strike will be granted and Plaintiffs' Motion to Remand will be denied.

**I.
Background**

  On February 5, 2009, Dave Savage and Judy Savage ("Plaintiffs") filed suit in the District Court of the Second Judicial District of the State of Idaho, in and for the County of Latah, against Liberty Mutual Fire Insurance Company ("Defendant") for damages arising out of an uninsured motorist insurance policy. (Mem. in Supp. p. 2, Attach. 1, Docket No. 5). Plaintiffs allege that

**MEMORANDUM ORDER - 1**

Defendant failed to pay the "amount justly due"[1] within thirty days of Plaintiffs furnishing their proof of loss pursuant to I.C. § 41-1839. (Compl. ¶ 14, Attach. 1, Docket No. 1). Plaintiffs claim damages arising from breach of contract, breach of the duty of good faith and fair dealing, and loss of consortium. (Compl. ¶ 33, Attach. 1, Docket No. 1) .

On February 26, 2009, Defendant filed a Notice of Removal stating that Plaintiffs are citizens of the State of Idaho and Defendant is incorporated and has its principle place of business outside of Idaho. (Notice of Removal ¶ 3, Docket No. 1). Further, Defendant alleges Plaintiffs' Complaint claims damages of $100,000 with additional attorney fees pursuant to I.C. § 41-1839 and other unspecified damages. (Notice of Removal ¶ 4, Docket No. 1). Defendant contends the Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. (Notice of Removal ¶ 5, Docket No. 1).

On March 12, 2009, Plaintiffs filed a Motion to Remand. (Docket No. 5). Plaintiffs contend their residency in Idaho is not sufficient for establishing diversity of citizenship. (Mem. in Supp. pp. 2-3, Attach. 1, Docket No. 5; Reply Mem. p. 13, Docket No. 13). Further, Plaintiffs contend their demand for $100,000 was for purposes of negotiation and not the actual amount prayed for in the Complaint. (Reply Mem. p. 2, Docket No. 9). Defendant argues that the Complaint on its face established diversity of citizenship because it states that Plaintiffs are residents of Idaho, and Defendant is a Massachusetts Corporation with its principle place of business in Boston. (Sur-Reply

---

[1] The "amount justly due" was not specified in the Complaint. However, Plaintiffs demanded the Defendant pay them $100,000, the limits of the uninsured motorist coverage policy prior to furnishing the proof of loss. (Compl., Attach. 1, Docket No. 1). Further, Plaintiffs rejected the Defendant's settlement offers of $2,500, $3,200, and $5,000 because Plaintiffs believed the offers did not represent the "amount justly due." (Compl. ¶¶ 19, 21, 23, 24, Attach. 1, Docket No. 1).

**MEMORANDUM ORDER - 2**

Mem. p. 2, Docket No. 11). Further, Defendant contends Plaintiffs' demand for $100,000 as a policy limit in the Complaint was an admission that the amount in controversy exceeded $75,000. (Mem. in Opp'n p. 3, Docket No. 7).

On May 15, 2009, Defendant filed a Motion to Strike Plaintiffs' Affidavit. (Docket No. 12). In the Affidavit, Plaintiffs state that Defendant misinterpreted the Complaint because Plaintiffs did not intend to claim the amount in controversy exceeds $75,000. (Savage Aff. ¶ 3, Docket No. 10). Defendant argues the Affidavit should be stricken because it was not served with the Motion to Remand, and if the Plaintiffs wanted to file a late affidavit, they first should have obtained the Court's permission. (Mem. in Supp. pp. 2-3, Attach. 1, Docket No. 12). Plaintiffs contend the Defendant invited the filing of the Affidavit, and the Affidavit is relevant because it represents the intention of the parties and offers facts supporting the allegations in the Complaint relative to the amount in controversy. (Reply Mem. p. 2, Docket No. 13).

## II.
## Discussion

### A.     Motion to Strike

Since the Motion to Strike relates to materials the Court will consider with the Motion to Remand, the Court will address the Motion to Strike first. Pursuant to Fed. R. Civ. P. 6(c)(2), parties submitting an affidavit supporting a motion must serve the affidavit with the motion. If the supporting affidavit is not filed with the motion, the court has discretion to permit the admittance of an affidavit if the party shows cause or excusable neglect for failing to comply with time provisions. *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 896-897 (1990).

Plaintiffs argue their Affidavit should not be stricken, because the Defendant invited the Affidavit into the case, and the Affidavit is relevant to jurisdiction and the intention of the

**MEMORANDUM ORDER - 3**

complaining parties. (Reply Mem. p. 2, Docket No. 13). Regardless of the Defendant's alleged invitation of the Affidavit or the relevance of the Affidavit to the amount in controversy for federal jurisdiction, Plaintiffs failed to file the Affidavit with their Motion to Remand, which motion the Affidavit allegedly supports. In fact, the Affidavit was filed more than one month after the Motion to Remand was filed and with the Plaintiffs' Reply to Defendant's Memorandum in Opposition to the Motion to Remand. (Docket Nos. 9, 10). Because the plaintiffs have not shown any cause or excusable neglect for their late affidavit, Defendant's Motion to Strike is granted. Even if the Affidavit was not stricken, the Court's analysis of the amount in controversy does not change.

**B.     Subject Matter Jurisdiction**

Pursuant to 28 U.S.C. §§ 1441 and 1446, the Defendants recently removed this action from state court on diversity grounds. 28 U.S.C. § 1332 provides the basis for diversity jurisdiction, stating: "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state." The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). As a result of the strong presumption against removal jurisdiction, the party seeking removal must carry the burden of establishing that removal is proper. *Prize Frize*, 167 F.3d at 1265; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Any doubt as to the right of removal is resolved in favor of remand. *Gaus,* 980 F.2d at 566. The removing defendant cannot base removal on conclusory allegations. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

**MEMORANDUM ORDER - 4**

### 1.     Diversity of Citizenship

The burden of pleading diverse citizenship is upon the party invoking federal jurisdiction. *Cameron v. Hodges*, 127 U.S. 322, 324 (1888), *cited with approval in Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). If diversity jurisdiction is challenged, the removing party also bears the burden of proof. *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936), *cited with approval in Mas*, 289 F.2d at 1399. Diverse citizenship must be present at the time the complaint is filed, and it is unaffected by subsequent changes in the citizenship of the parties. *Mollan v. Torrance*, 22 U.S. 537, 539 (1824), *cited with approval in Mas*, 289 F.2d at 1399.

Plaintiffs argue that Defendant's Notice of Removal did not set forth specific facts supporting diversity of citizenship. (Mem in Supp. p. 2, Attach. 1, Docket No. 5). Additionally, Plaintiffs contend that an allegation of residency is insufficient to establish diversity of citizenship. (Reply Mem. p. 2, Docket No. 13). The Court disagrees. Both the Notice of Removal and the Complaint state that Plaintiffs are residents of Moscow, Latah County, Idaho, and the Defendant is a Massachusetts' corporation with its principle place of business in Boston. (Notice of Removal ¶ 3, Docket No. 1; Compl. ¶¶ 1, 2, Attach. 1, Docket No. 1). Defendant satisfied its burden of proof for diversity jurisdiction by affirmatively alleging the parties are diverse in its Notice of Removal and acknowledging that the Complaint established diversity of the parties. (Notice of Removal ¶ 3, Docket No. 1, Sur-Reply Mem. p. 2, Docket No. 11). Thus, diversity of citizenship is proven for purposes of federal jurisdiction, and the Court now must address whether the amount in controversy exceeds $75,000.

**MEMORANDUM ORDER - 5**

### 2. Amount in Controversy

When suit is instituted in state court and removed to federal court, a strong presumption exists that the plaintiff has not claimed an amount exceeding $75,000 to confer jurisdiction on a federal court. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 290 (1938). The general rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in "good faith." *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353 (1961).

Plaintiffs contend their demand for the policy limits of $100,000 was meant to begin negotiations rather than state the amount claimed in controversy in their lawsuit. (Mem. in Supp. p. 2, Attach. 1, Docket No. 5). They also argue the Defendant valued Plaintiffs' claims at a much lower amount than is required for federal jurisdiction. *Id.* However, the sum or amount in controversy is determined by the value of the object plaintiff is seeking. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Here, in their Complaint, Plaintiffs indicated the value of their claims is $100,000 as they previously demanded that amount from the Defendants. (Compl. ¶ 18, Attach. 1, Docket No. 1). Further, the subsequent settlement offers from the Plaintiffs to the Defendant exceeded the amount in controversy or $75,000. (Compl. ¶¶ 20, 22, Attach. 1, Docket No. 1).[2]

Prior to the filing of the Notice of Removal, there was nothing in the Complaint or other documents filed with the court that would indicate to the Defendant that the Plaintiffs claims did not exceed the prerequisite amount of $75,000 in controversy. Here, the Defendant relied on the damages stated in the Complaint as evidence of a reasoned calculation of Plaintiffs' damages.

---

[2] In paragraph twenty of the Complaint, Plaintiffs offered to settle the uninsured motorist claim for the sum of $85,000. (Attach. 1, Docket No. 1). In paragraph twenty two, Plaintiffs offered to settle the claim for $75,000 along with a waiver of the medical payment subrogation interest, which would otherwise have made the amount more than $75,000. (Compl., Attach. 1, Docket No. 1).

**MEMORANDUM ORDER - 6**

*Wilson v. Union Sec. Life Ins. Co.,* 250 F.Supp.2d, 1260, 1265 (D. Idaho 2003) (collecting cases). The settlement offers and the demand for policy limits under the uninsured motorist claim reflected the amount in damages Plaintiffs sought to recover from the Defendant, and each amount exceeded $75,000.

Plaintiffs could have indicated the amount in controversy was less than what was demanded in policy limits or in their settlement offers, but they have made no effort to disavow their claims. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2001). Also, it is well settled law that the amount in controversy is determined from the pleadings as they exist at the time a petition for removal is filed. *Eagle v. Am. Tel. & Tel.*, 769 F.2d 541, 545 (9th Cir. 1985). Thus, the Complaint, itself, satisfied the Court's inquiry as to whether the amount in controversy exceeds the $75,000 required for diversity jurisdiction.

**ORDER**

Based on the foregoing, and being fully advised in the premises, **IT IS HEREBY ORDERED that:**

1) The Motion to Strike (Docket No. 12) is **GRANTED** with respect to the Affidavit in Support by Dave Savage and Judy Savage.

2) Plaintiff's Motion to Remand (Docket No. 5) is **DENIED**.

DATED: **July 24, 2009**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 7**